IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



FILED
JUL 26 2019
CLERK, US DISTRICT COURT
NORFOLK, VA

DAVID M. THOMPSON,
   Plaintiff,

v.                                            Civil Action No.: 4:19cv33

U.S. JUSTICE DEPARTMENT,
   Defendant.

PARTIES' PRETRIAL CONFERENCE REPORT RE: PROPOSED SCHEDULING ORDER

    Plaintiff ("Thompson") and counsel for Defendant met and conferred briefly in person on June 19, 2019, thereafter met and conferred sporadically by e-mail seven times, and met and conferred for the last time by telephone on July 25, and the parties have made a good faith effort at agreement. The parties hereby present their conference report re: proposed scheduling order:

Joinder: Neither party wishes to join another party.

Amendment: The parties are discussing amendment of pleadings. If Thompson decides he wants to amend, he will submit to Defendant a proposed amended complaint by September 16.

Documents & Witnesses: Thompson served his Initial Disclosures of documents and witnesses on June 19. Defendant served disclosure of documents as attachments to the Answer and will serve a list of witnesses by September 16.

Experts: Neither party contemplates experts.

Discovery: Thompson has served a Request for Production of Documents; Defendant has served Objections, with no production within the 30 day limit; and Thompson might file a motion to compel or for Vaughn Index. Vaughn v. Rosen, 484 F2d 820 (D.C. Cir. 1973). Thompson might take two depositions and might serve requests for admission; neither the depositions nor the requests for admission would concern the adequacy of the responses to Freedom of Information Act ("FOIA") requests, but instead would concern the timeliness of the FOIA responses. Payne Industries, Inc. v. United States, 837 F2d 486 (D.C. Cir. 1988). Thompson proposes a discovery deadline for four months, i.e., December 2. Defendant opposes all discovery.

Admissions & Stipulations: The parties are reviewing and considering possible admissions and/or stipulations concerning: (a) withdrawal of three of Defendant's affirmative defenses (alleged failure to state a claim, alleged failure to exhaust, and alleged mootness) in this suit only; (b) withdrawal of Defendant's reliance on FOIA exemptions 1, 3-4, & 8-9 in this suit only; and (c) possible withdrawal of Thompson's dispute on Justice Department withholdings or redactions by the Office of Public Affairs & by the Justice Management Division concerning only the matters alleged in the Complaint.

Settlement: The parties agree that settlement talks are premature at this time.

Time to File Motions for Summary Judgment: The parties propose that each party will have the option to file a motion for summary judgment on or before December 16 and no later.

Trial Date: Thompson proposes a trial date of February 3, 2020. Defendant proposes that a trial date be set, if needed, after all summary judgment motions have been decided; Defendant's proposal, in the alternative to Thompson's proposal, is also agreeable to Thompson.

Dated: July 26, 2019 /s/ David M. Thomson, Plaintiff

dmjm1@hotmail.com -- (757) 920-5573

1708 Carriage House Way, Williamsburg, VA 23188

Dated: July 26, 2019 /s/ Virginia Van Valkenburg, Asst. U.S. Atty.

Virginia State Bar No. 33258

Counsel for Defendant

101 West Main Street, Suite 8000

Norfolk, VA 23510-1671

virginia.vanvalkenburg@usdoj.gov -- (757) 441-6331

## CERTIFICATION

I declare under penalty of perjury that no attorney, other than myself and Virginia Van Valkenburg, has prepared or assisted in the preparation of this document.

Dated: July 26, 2019 /s/ David M. Thompson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served on counsel for Defendant a copy of the above by e-mail and mail on July 26, 2019.

/s/ David M. Thompson, Plaintiff